**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Luther Brian Marcus, Appellant.

Appellate Case No. 2017-002622

———————————

Appeal From Pickens County
Edward W. Miller, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-338
Submitted September 1, 2020 – Filed December 16, 2020

———————————

**AFFIRMED**

———————————

Appellate Defender Victor R Seeger, of Columbia, for Appellant.

Thomas Wells Nicholson, of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

———————————

**PER CURIAM:** Appellant Luther Brian Marcus appeals the circuit court's decision to revoke his probation in full. Appellant argues the circuit court erred in not considering evidence that he had "maxed out" his sentence by previously serving

eleven extra months in prison, or by not crediting the eleven months towards Appellant's revocation time. Appellant asserts the circuit court's statements at the revocation hearing indicate the court believed it had no choice other than to revoke Appellant's probation in full. We affirm.

## FACTS

On April 27, 2010, Appellant pled guilty to second-degree burglary and was sentenced to fifteen years' imprisonment. This sentence was suspended to seven years' incarceration, with five years' probation.[1] Appellant was released from incarceration on September 30, 2016, and was arrested for indecent exposure within three months. Following a two-day jury trial, Appellant was found guilty of indecent exposure on December 12, 2017. As a result of the conviction, the circuit court found Appellant violated his probation and proceeded to hear arguments on the issue.

Appellant stated he served a total of seven years and eleven months towards his second-degree burglary conviction. He argued that this time served "maxed him out on the fifteen-year sentence[]," and thus, his probation case should have terminated in February 2016 while he was still incarcerated. The circuit court responded to Appellant by declaring: "Well, that's all not in my jurisdiction as you are aware."

The State then read Appellant's prior convictions into the record. Since 1993, Appellant had accumulated convictions for: grand larceny, petit larceny, criminal sexual conduct with a minor (requiring that he register as a sex offender), tax fraud, burglary, and safe cracking.

Following the State's recitation of Appellant's criminal history, the circuit court asked Appellant if there was anything he would like to say to the court. The following exchange occurred:

> Appellant: I just feel like I maxed a total of 15 years out from those suspended sentences that was ran concurrent with my Pickens. I feel like I gave my time to the State. I exceed those 15 years. I was—

---

[1] This sentence ran concurrent with other (shorter) sentences Appellant received for different convictions.

| The Court: | You understand that's not up to me. |
| Appellant: | I understand that. |
| The Court: | Okay. |
| Appellant: | Who is it up to?  Who do I appeal it to? |
| The Court: | Well, you can talk to your lawyer    about that. |

The court then sentenced Appellant to three years' imprisonment for the indecent exposure conviction and revoked his probation in full.  This appeal of the probation revocation followed.

## ISSUE ON APPEAL

Did the circuit court abuse its discretion in revoking Appellant's probation in full without considering Appellant's argument that he was on probation supervision in error because he had "maxed out" his sentence while previously incarcerated?

## STANDARD OF REVIEW

"The determination of whether to revoke probation in whole or part rests within the sound discretion of the [circuit] court." *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006).  "An appellate court will reverse the [circuit] court's decision where there has been an abuse of discretion." *State v. Miller*, 404 S.C. 29, 33, 744 S.E.2d 532, 535 (2013).

> An abuse of discretion occurs when the [circuit] court's ruling is based upon an error of law, such as application of the wrong legal principle; or, when based upon factual conclusions, the ruling is without evidentiary support; or, when the [circuit] court is vested with discretion, but the ruling reveals no discretion was exercised; or when the ruling does not fall within the range of permissible decisions applicable in a particular case, such that it may be deemed arbitrary and capricious.

*Allen*, 370 S.C. at 94, 634 S.E.2d at 656.

## LAW/ANALYSIS

Appellant argues that the circuit court did not believe it had the authority to do anything other than revoke his probation in full. Therefore, Appellant contends, the court abused its discretion by not exercising its discretion as to whether to revoke Appellant's probation in part or in full, and by not considering the evidence that Appellant had served an additional eleven months in prison. Appellant asserts that the circuit court's responses to Appellant's argument that he previously "maxed out" his sentence and should not be on probation evinces the court's misapprehension of its discretion in the matter. We disagree.

The full transcript of the hearing and the context surrounding the circuit court's responses to Appellant's assertion that he had already "maxed out" his sentence make clear that the court considered the calculation of Appellant's sentence and time served in prison to be outside the court's jurisdiction—not that it was outside the court's jurisdiction to consider this evidence when deciding whether to fully or partially revoke Appellant's probation. The circuit court's exchange with Appellant at the end of the hearing crystallized this fact. The court's response during the exchange was clearly in regards to whether Appellant had exceeded his sentence and not, as Appellant attempts to characterize it, a proclamation that it was not up to the circuit court whether it could issue a partial or full revocation. Therefore, we find the circuit court was not unaware of its discretion regarding Appellant's probation. *See* S.C. Code Ann. § 24-21-460 (2007) ("Upon such arrest[,] the court[] . . . shall cause the defendant to be brought before it and may revoke [his] probation or suspension of sentence[.] . . . [T]he circuit [court] before whom such defendant may be so brought shall have the right, in [its] discretion, to require the defendant to serve all or a portion only of the sentence imposed.").

Furthermore, the circuit court did not abuse its discretion by issuing a full revocation of Appellant's probation because there is evidence in the record to support its decision. *See Allen*, 370 S.C. at 94, 634 S.E.2d at 656. Appellant was convicted of a new offense—which he committed within three months of his release from prison. Moreover, he has an extensive criminal history. Therefore, we hold the circuit court did not abuse its discretion. *See Miller*, 404 S.C. at 33–34, 744 S.E.2d at 535.

## CONCLUSION

Based on the foregoing, we affirm the circuit court's full revocation.

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.